IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY A. MOONEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05cv102 |
| | ) | Electronic Filing |
| **JO ANNE B. BARNHART**, | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

AND NOW, this **29**ᵗʰ day of March, 2006, after de novo review of the record

and upon due consideration of the magistrate judge's report and recommendation filed on

February 13, 2006, and defendant's objections thereto, IT IS ORDERED that defendant's motion

for summary judgment (Docket No. 11) be, and the same hereby is, granted;

IT FURTHER IS ORDERED that plaintiff's motion for partial summary

judgment (Docket No. 9) be, and the same hereby is, denied. The magistrate judge's report and

recommendation (Docket No. 13) as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. As the fact finder, the administrative law

judge ("ALJ") has an obligation to weight all the facts and evidence of record and may accept or

reject any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d

422, 429 (3d Cir. 1999). This includes crediting or discounting a claimant's complaints of pain

and/or subjective description of the limitations caused by his or her impairments. Van Horn v.

Schweiker, 717 F.2d 871, 873 (3d Cir. 1983); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir.

1999). And where the findings of fact leading to the decision of the Commissioner are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2000).

The question of when plaintiff's contributions in running her carpet business ceased to be substantial gainful activity is one of historical fact. The record unequivocally reflected a decline in plaintiff's abilities and productivity commencing in January of 2002. She identified the primary restrictions in her ability to run the store as physical and she fixed the point at which she became completely unproductive as January 2003. And while plaintiff and her husband claimed that plaintiff did nothing while at the business during 2002, her testimony bearing on the decline of her abilities indicated the decline occurred gradually over time.

In making assessments about a particular individual's ability to do work related activities, determinations of credibility are committed to the sound discretion of the ALJ and must be upheld where there is substantial evidence to support them. Hartranft, 181 F.3d at 362. Here, the record contained substantial evidence to support the ALJ's assessment of plaintiff's work activities and the contributions she made in running the business during 2002. Accordingly, the Commissioner's decision must be affirmed.

David Stewart Cercone
United States District Judge

cc:    Honorable Francis X. Caiazza
       Chief United States Magistrate Judge

       John G. Burt, Esquire
       Suite 810 Arrott Building
       401 Wood Street
       Pittsburgh, PA 15222